**V I R G I N I A:**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CASSIUS L. JONES,
    PETITIONER,

                                             NO:  15-6034
v.                                          2:14-cv-00306-RAJ-DEM

HAROLD W. CLARKE, DIRECTOR OF THE
DEPARTMENT OF CORRECTIONS FOR
VIRGINIA,
    RESPONDENT.

## INFORMAL BRIEF FOR HABEAS AND SECTION 2255 CASES

**FACTS:**

APPEAL FROM THE UNITED STATES DISTRICT COURT NORFOLK DIVISION
DATE OF ORDER BEING APPEALED:  12/4/2014
NAME OF PETITIONER:  CASSIUS L. JONES
BY DARRYL A. PARKER, ESQ., ON BEHALF OF MR. JONES
PLACE OF INCARCERATION: SUSSEX II STATE PRISON, 24427 MUSSELWHITE
                            DRIVE, WAVERLY, VA  23891-2222
DATE INCARCERATION BEGAN:  JULY 13, 2010
SUPREME COURT OF VIRGINIA CASE NO. OF APPEAL:  1300406
DATE OF ORDER DENYING APPEAL: JUNE 21, 2013
ALL FORUMS FOR REDRESS HAVE BEEN EXHAUSTED WITH SAID ORDER.
PERSON EXERCISING HIS RESTRAINT: MARIE VARGO, WARDEN
        SUSSEX II STATE PRISON.

CERTIFICATE OF APPEALABILITY NOT YET GRANTED

**ISSUES ON APPEAL:**

1.   On October 21, 2009, Petitioner was indicted, by a Grand Jury, of the Circuit Court of the City of Norfolk, of having committed the crimes of Abduction, Robbery, Use of a Firearm in Commission of a Felony, Wearing Mask in Public, Possession of a Firearm by a Convicted Felon and Carjacking.

1

Your Petitioner, by and through Counsel, states the following grounds, facts and law in support of his PETITION FOR A WRIT OF *HABEAS CORPUS*, which will be supported by testimony and evidence at a hearing on same, being his request for a hearing, by this Court, to determine the ineffectiveness of assistance of counsel.

2. Petitioner was indicted by the Grand Jury of the Circuit Court of the City of Norfolk, on October 21, 2009, on the following counts: Abduction for Pecuuniary Benefit; Robbery; Three (3) Counts of Use of a Firearm in Commission of a Felony; Conspiracy; Wearing Mask in Public; Possession of a Firearm by a Convicted Felon and Carjacking.

The count of Possession of a Firearm by a convicted felon was *nolle prossed*. On July 13, 2010, this matter was tried in front of a jury, in the Circuit Court of the City of Norfolk, Virginia, before the Hon. Karen J. Burrell, Judge.

On the Petitioner's Not Guilty plea, he was found guilty of all counts remaining, after a two (2) day trial. A Pre Sentencing Report was neither ordered nor requested by Counsel to the detriment of Petitioner.

3. Petitioner, Cassius L. Jones, comes before this Court and avers that he did not receive effective assistance of counsel and asks that his case be remanded on that ground. This Petition outlines how counsel's performance was deficient and, second, that said deficient performance prejudiced the defense so as to deprive him of a fair trial.

4. Your Petitioner had an agreement with the other two (2) co-defendants, Darrell Lee and Gerry Rouse, to testify on his behalf. They had agreed to tell the Court that your Petitioner had not been present at or during the crimes alleged. Your Petitioner had fervently asked his Counsel, Mr. St. Clair, to *subpoena* both of them as witnesses, on his behalf. One of the co-defendants, Darrell Lee, subsequently submitted a Notarized affidavit that states, *inter alia*, the following: "Cassius Lee Jones was not present and did not participate in any way with the robbery of Devodric Sims (the victim)."

Petitioner's Counsel, Mr. St. Clair assured your Petitioner that he would indeed *subpoena* these two essential witnesses to his non-involvement in the crimes alleged. On the very day of the trial, your Petitioner again asked if the two (2) were going to be called to testify and Counsel now advised your Petitioner that he had failed to issue the *subpoenas*. The absence of the co-defendant's testimony, against their own interest, was of severe detriment to his defense and but for Counsel misleading him about the witness *subpoenas* may have exonerated him of all charges.

5. Counsel incorrectly advised your Petitioner that he should not take the stand, in his own behalf, due to having had, as a Juvenile, a robbery charge. Petitioner wanted to tell the jury that he was not present at the crime scene and was innocent of any wrong-doing.

6. Counsel's advice was erroneous in that upon cross-examination your Petitioner would only be asked if he had any felony

3

convictions and unless the "door was opened" by him would not have been asked specifically about the previous robbery conviction as a juvenile. The jury never had the chance to hear your Petitioner's testimony due to this error by Counsel.

7. The entire period, prior to the date of the trial, Counsel never discussed a Plea Agreement with your Petitioner. On the day of the trial, your Petitioner asked his Counsel, Mr. St. Clair, if any Plea Agreement had been proffered by the Commonwealth. Mr. St. Clair admitted that a Plea had been offered of fifteen (15) years.

8. Counsel explained to your Petitioner that he had turned down the offer without speaking to him about it. Your Petitioner asked Counsel to ask the Court for a brief recess to allow him to discuss the said Plea with his family. Absolutely no further action or discussion was made in reference to the Plea Agreement offered because Counsel told the Defendant that "We just don't have time."

9. One police officer mentioned, in his testimony, that your Petitioner had previously participated in a robbery. Counsel did not object when this remark was made but turned to your Petitioner and advised him that this was definitely grounds for a mistrial. Counsel went to a side-bar and when returning your Petitioner asked: "What about the mistrial?" Counsel responded that a mistrial is not necessary because we "have this case won".

10. At sentencing, Counsel failed to present any evidence on behalf of the defendant which may have mitigated the sentence. No relatives speaking on his behalf...no friends on his behalf...absolutely nothing was presented. If Counsel had

4

investigated the availability of mitigating evidence to present at sentencing there is a significant chance that the Defendant's sentence may have been less.

11. This PETITION seeks for a writ to be directed to the DIRECTOR OF THE DEPARTMENT OF CORRECTIONS OF THE COMMONWEALTH OF VIRGINIA in that your PETITIONER is incarcerated in said director's prison system. Petitioner is entitled, in the interest of justice, the following remedy: To have his sentence and guilty verdict set aside and his case reheard.

In Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed. 2d 914 (2002), the three situations (per Cronic) were identified that were "so likely" to prejudice the accused that the defects are presumptively prejudicial that a remand or reversal is justified are, to wit: (1) There has been a complete denial of legal representation (as guaranteed by the Sixth Amendment) by counsel's refusal or failure to perform at critical stages of the proceedings. (2) Counsel entirely failed to subject the prosecution's case to meaningful adversarial testing. (3) Counsel is called upon to render assistance under circumstances where a competent counsel very likely could have prevailed.

Each "circumstance" may be found in the litany of this case as outlined in this Petition.

In Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967), the following was stated and often followed: "...(C)ertain constitutional rights are so basic to a fair trial that their infraction can never be treated as harmless error."

"Among these rights is the right to the assistance of counsel at trial." <u>Id. at 23.</u>

12. Petitioner has not filed other cases in this Court.

                            RESPECTFULLY SUBMITTED,
                            CASSIUS L. JONES, PETITIONER

BY: <u>/s/ DARRYL A. PARKER</u>
       OF COUNSEL

DARRYL A. PARKER, ESQ.
ATTORNEY AT LAW
3113 W. MARSHALL ST., STE. 2A
RICHMOND, VA 23230
TEL: (804) 359-7223
FAX: (804) 359-7229
VSB NO: 32772

## CERTIFICATION

I hereby certify that a true and exact copy of the foregoing was served on the Respondent, as entered above, and mailed postage pre-paid to the following on this date of January 20th, 2015, to the following, to wit:

MARK HERRING, ESQ.
ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
900 EAST MAIN ST.
RICHMOND, VA 23219

MARIE VARGO, WARDEN
SUSSEX II STATE PRISON
24427 MUSSELWHITE DRIVE
WAVERLY, VA 23891-2222

                                    <u>/s/ DARRYL A. PARKER</u>
                                      DARRYL A. PARKER, ESQ.